UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

**LAUREN RAND,**

    Plaintiff,

v.

**RICHARD C. MAURAN** and **CHRISTINA MICEVIC,**

    Defendants.

## COMPLAINT

COMES NOW, the Plaintiff, LAUREN RAND ("Plaintiff"), by and through the undersigned counsel, hereby brings this action against Defendants, RICHARD C. MAURAN, individually, and CHRISTINA MICEVIC, individually, (collectively as "Defendants"), for violations under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (hereinafter as "FLSA") and Florida Statute. Plaintiff seeks damages for civil battery, civil assault, and intentional infliction of emotional damage, actual and liquidated unpaid overtime wages, and reasonable attorney's fee and costs from Defendants.

## JURISDICTION

1. This action arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* The Court has jurisdiction over this claim pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. §1331 and 1337.

2. The Court further has supplemental jurisdiction over the non-wage claims pursuant to 28 U.S.C. § 1367.

## VENUE

3. Venue is proper in the United States District Court for the Southern District of Florida as the unlawful practices alleged herein took place in Broward County, Florida, and the Defendants are Florida corporations who transacts business in Broward County, Florida, and the transaction that is the basis of Plaintiff's Complaint occurred within the District and venue, therefore, properly lies in this Court.

## PARTIES

4. Plaintiff is an individual residing in the County of Broward, State of Florida. Plaintiff became employed and hired by Defendants in or about March 2017.

5. Defendants' residence is located within the County of Broward, State of Florida.

6. Plaintiff was employed by Defendants to perform domestic service work at Defendants' residence, including housekeeping and cooking.

7. At all times material, Plaintiff was an employee of Defendants within the meaning of the FLSA.

8. At all times during Plaintiff's employment, Defendants were employers as defined by 29 U.S.C. §203(d).

9. At all times pertinent to this Complaint, Defendants failed to comply with Title 29 U.S.C. § 201-209, in that Plaintiff performed services for Defendants for which no provision were made by the Defendants to properly pay Plaintiff for those hours worked and for those hours worked in excess of Forty (40) hours within a work week.

10. Plaintiff regularly worked in excess of Forty (40) hours in one or more work weeks during

Plaintiff's employment with Defendants.

11. However, Defendants did not pay time-and-a-half wages for all of the overtime hours worked by Plaintiff.

12. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff, are in the possession and custody of Defendants.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

13. Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1-12.

14. Plaintiff is entitled to be paid overtime pay based upon a rate of time-and-a-half the federal minimum wage for each hour worked in excess for Forty (40) hours per work week.

15. By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages plus incurring costs and reasonable attorney's fees.

16. As a result of Defendants' willful violations of the Act, Plaintiff is entitled to liquidated damages.

17. Plaintiff has retained the undersigned counsel to represent Plaintiff in this action, and agreed to pay reasonable attorney's fees and costs, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover all reasonable attorney's fees and costs incurred in this action from Defendants.

WHEREFORE, Plaintiff LAUREN RAND, demands judgment against the Defendants, RICHARD C. MAURAN and CHRISTINA MICEVIC, for the following:

(a) Unpaid overtime wages found to be due and owing;

(b) An additional amount equal to the minimum overtime wages found to be due and owing as liquidated damages;

(c) A reasonable attorney's fee and costs; and

(d)     Such other relief as the Court deems just and equitable.

## COUNT II – CIVIL ASSAULT

18. Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1-12.

19. An "assault" is an intentional, unlawful offer of corporal injury to another by force, or exertion of force directed toward another under such circumstances as to create a reasonable fear of imminent peril. *Sullivan v. Atlantic Federal Savings & Loan Association*, 454 So.2d 52, 54 (Fla. 4th DCA 1984), *rev. denied*, 461 So.2d 116 (Fla. 1985).

20. In about January 2019, Defendant CHRISTINA MICEVIC physically attacked Plaintiff, during her employment with Defendants, with intention, and the threat of such force created a reasonable fear of imminent peril on the part of Plaintiff.

21. Plaintiff has suffered damages as a result of said civil assault.

WHEREFORE, Plaintiff LAUREN RAND, demands judgment against the Defendants, RICHARD C. MAURAN and CHRISTINA MICEVIC, for all damages incurred by Plaintiff as a result of the incident discussed above.

## COUNT III – CIVIL BATTERY

22. Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1-12.

23. A battery consists of the intentional infliction of a harmful or offensive contact upon the person of another. The Defendants must have done some positive and affirmative act which must cause, and must be intended to cause, an unpermitted contact. Mere negligence, or even recklessness which only creates a risk that the contact will result, may afford a distinct cause of action in itself, but under modern usage of the term it is not enough for battery. *Sullivan v. Atlantic Federal*

*Savings & Loan Association*, 454 So.2d 52, 54 (Fla. 4th DCA 1984), *rev. denied*, 461 So.2d 116 (Fla. 1985).

24. In about January 2019, Defendant CHRISTINA MICEVIC physically attacked Plaintiff, during her employment with Defendants, with intention.

25. The harmful and offensive contact upon Plaintiff was unpermitted contact.

26. Plaintiff has suffered damages as a result of said civil battery.

WHEREFORE, Plaintiff LAUREN RAND, demands judgment against the Defendants, RICHARD C. MAURAN and CHRISTINA MICEVIC, for all damages incurred by Plaintiff as a result of the incident discussed above.

## COUNT IV
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

27. Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1-12.

28. The elements of a claim for intentional infliction of emotional distress are: (1) the wrongdoer's conduct was intentional or reckless, that is, he intended his behavior when he knew or should have known that emotional distress would likely result; (2) conduct was outrageous, that is, as to go beyond all bounds of decency, and to be regarded as odious and utterly intolerable in a civilized community; (3) the conduct caused emotional distress; and (4) the emotional distress was severe.

29. In about January 2019, Defendant CHRISTINA MICEVIC physically attacked Plaintiff, during her employment with Defendants.

30. Defendant CHRISTINA MICEVIC'S conduct was intentional or reckless.

31. Defendant CHRISTINA MICEVIC'S conduct was outrageous.

32. Plaintiff has suffered severe emotional distress as a result of said intentional infliction of emotional damages.

WHEREFORE, Plaintiff LAUREN RAND, demands judgment against the Defendants, RICHARD C. MAURAN and CHRISTINA MICEVIC, for all damages incurred by Plaintiff as a result of the incident discussed above.

**DEMAND FOR JURY TRIAL**

33. Plaintiff demands a jury trial on all issues so triable.

DATED: July 13, 2020

        Respectfully submitted,

        MILITZOK LAW, P.A.
        *Attorney for Plaintiff*
        Wells Fargo Building
        4600 Sheridan Street, Suite 402
        Hollywood, Florida 33021
        (954) 780-8228 - Telephone
        (954) 719-4016– Facsimile
        bjm@militzoklaw.com

        By: /s/ Brian Militzok
        BRIAN J. MILITZOK, ESQ
        Fla. Bar No.: 0069993